IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-250-RJC-DSC

| | |
|---|---|
| MILDRED COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CREDIT CONTROL SERVICES, INC., | ) |
| | ) |
| Defendant | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion for Sanctions and Dismissal Pursuant to Rules 37 and 41 ..." (document #13) and "Memorandum in Support ..." (document #14), both filed December 5, 2012. Plaintiff has not responded and the time for filing a responsive brief has expired.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for the Court's consideration.

A discussion of the factual background and procedural history in this matter is contained in the Court's "Memorandum and Order" (document #12) (granting Defendant's "Motion to Compel Discovery," ordering Plaintiff to "provide full and complete Initial Disclosures and responses to Plaintiff's Interrogatories and Request for Production of Documents" on or before November 20, 2012) (emphasis in original).

In its Memorandum and Order, the Court stated:

[T]he Court warns Plaintiff that failure to provide full and complete Initial

1

> Disclosures and responses to Plaintiff's Interrogatories and Request for Production of Documents or failure to respond to any other of the Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include Plaintiff <u>and/or Plaintiff's counsel</u> being ordered to pay Defendant's costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint <u>with prejudice</u>**.

<u>Id.</u> at 1-2 (emphasis in original).

Despite this clear warning, Defendant has not served the discovery responses that were <u>ordered</u> by the Court, and as noted above, has failed to respond to this Motion for Sanctions and Dismissal.

As Defendant has now been warned,[1] a variety of sanctions are available under Rules 37 and 41 for a party's failure to obey rules governing discovery and orders of the District Court, including imposing costs and attorneys' fees, striking pleadings, and/or entering judgment against the offending party.  <u>See</u> Fed. R. Civ. P. 37(b); <u>National Hockey League v. Metro. Hockey Club</u>, 427 U.S. 639, 643 (1976); <u>Mutual Fed. Sav. & Loan v. Richards & Assocs.</u>, 872 F.2d 88, 92 (4th Cir. 1989); <u>and</u> <u>Wilson v. Volkswagen of America, Inc.</u>, 561 F.2d 494, 504-04 (4th Cir. 1977).

In <u>Mutual Federal</u>, the Fourth Circuit restated the four factors a District Court should consider in deciding whether to impose the sanctions of dismissal or entry of judgment. These factors are:

---

1 The Fourth Circuit has emphasized the significance of establishing a history of dilatory action <u>and</u> warning to the offending party of what may follow prior to imposing discovery sanctions or dismissing the action for failure to comply with discovery obligations.  <u>See, e.g.</u>, <u>Hathcock v. Navistar Int'l Transp. Corp.</u>, 55 F.3d 36, 40 (4th Cir. 1995); <u>Choice Hotels Int'l v. Goodwin & Boone</u>, 11 F.3d 469, 473 (4th Cir. 1993); <u>and</u> <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 953 (4th Cir. 1987).

2

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id., 872 F.2d at 92, citing Wilson, 561 F.2d at 503-04.

Plaintiff has completely ignored an express warning of the sanctions that could be imposed if she failed to comply with the Court's Order. She has also ignored the Motion seeking imposition of those sanctions. The undersigned concludes that no sanction less than dismissal would be effective to deter this type of wilful misconduct. The undersigned further concludes that Defendant is entitled to recover its costs incurred in obtaining this Memorandum and Recommendation and Order, including reasonable attorney's fees.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and

Order.

**IT IS FURTHER ORDERED** that Plaintiff shall pay to Defendant the reasonable expenses incurred in obtaining this Memorandum and Recommendation and Order, including Defendant's attorneys' fees, such amount to be established by the Court after reviewing an Affidavit submitted by Defendant's counsel within seven (7) calendar days of the date of this Order.

## RECOMMENDATION

3

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Sanctions and Dismissal" (document #14) be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: January 4, 2013

David S. Cayer
United States Magistrate Judge