# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-250-RJC-DSC

| | |
|---|---|
| MILDRED COX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         vs. | )   **ORDER** |
| | ) |
| CREDIT CONTROL SERVICES, INC. | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**THIS MATTER** comes before the Court on Defendant's Motion for Sanctions and Dismissal Pursuant to Rules 37 and 41 and Memorandum in Support, (Doc. Nos. 13; 14), and the Magistrate Judge's Memorandum and Recommendation, (M&R) (Doc. No. 15). Plaintiff has not objected to the M&R and the time to do so has expired.

Plaintiff filed her Complaint on April 24, 2012. (Doc. No. 1). On July 6, 2012, the Court issued a scheduling order which provided discovery and pre-trial deadlines. On October 25, 2012, Defendant filed a Motion to Compel and Memorandum in Support, (Doc. Nos. 10; 11), as Plaintiff had not responded to repeated requests for disclosures and discovery. The Magistrate Judge granted that order and ordered Plaintiff to "provide full and complete Initial Disclosures and responses to Plaintiff's Interrogatories and Request for Production of Documents." (Doc. No. 12). Plaintiff did not respond to or comply with that order. On December 5, 2012, Defendant filed a Motion for Sanctions, Motion to Dismiss for Lack of Prosecution, and Supporting Memorandum, (Doc. Nos. 13; 14). Plaintiff did not respond. On January 4, 2012, the Magistrate Judge issued an M&R recommending dismissal of Plaintiff's claim. In light of

1

Plaintiff's disregard of the Court's order, the Magistrate Judge found that "no sanction less than dismissal would be effective to deter this type of willful misconduct." (Doc. No. 15 at 3).

Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

It is Plaintiff's burden to move this case forward, and Plaintiff has failed to do so. Having reviewed the Magistrate Judge's M&R and finding no clear error, the Court **ADOPTS** the Magistrate Judge's recommendation and **DIMISSES** the instant suit with prejudice.

The Court, however, declines to order sanctions beyond dismissal of the instant suit. District Courts are to consider a variety of factors in determining whether to impose sanctions, and the nature of such sanctions. These factors are:

> (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his non-compliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Wilson v. Volkswagen, 561 F.2d 494, 503-04 (4th Cir. 1989).

Here, absent evidence of bad faith, the Court finds dismissal of Plaintiff's suit to be a sufficient sanction for her failure to provide discovery or adhere to orders of this Court. Accordingly, this Court declines to adopt the Magistrate Judge's recommendation that Defendant is entitled to recover costs and attorney's fees.

Defendant's Motion for Sanctions and Dismissal Pursuant to Rules 37 and 41 is **GRANTED** in part and **DENIED** in part.

**IT IS, THEREFORE, ORDERED** that all of Plaintiff's claims against Defendant are

**DISMISSED** with prejudice. The clerk is directed to close this case.

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge